Good morning, Your Honors. Michael Lynn Gabriel for the Appellant. Today is November 8, 2013, the second decade of the 21st century, and we are here today in federal court to determine whether or not the federal government can be brought before federal court to determine whether or not racial discrimination in housing practices can be stopped. The issue boils down to very simply one of whether or not the doctrine of sovereign immunity can be extended to bar federal courts from reviewing alleged constitutional violations based on the lighthouse was a residence. I didn't see anything when I reviewed it, and I believe the Fair Housing Act waiver of sovereign immunity is limited to discrimination regarding a dwelling or residence. Was it alleged in the complaint that the lighthouse was a residence or dwelling? It has been alleged throughout in the briefing that the lighthouse is a residence. Can you direct me to where in the record it's alleged or in the complaint that it's alleged that the lighthouse is a residence? Well, it's alleged in the motion for summary judgment that this is property that is a dwelling. It's detailed throughout the motion for summary judgment that lighthouse is our residence. In fact, the Coast Guard's commandant of the U.S. Coast Guard lives in a lighthouse. The argument, the definition of what is a dwelling under the Fair Housing Act, known as the Civil Rights Act of 1968, is something that can be used for people to live in. And a lighthouse, by definition, is a house in which people did, in fact, live in. The tenders lived in to maintain the house. Is that in your complaint? I'm just flipping through the complaint. No, it's not particularly that the lighthouse is a dwelling, but it is nonetheless property that is covered in the Civil Rights Act, the 1968 Fair Housing Act. But you said that was in your summary judgment motion that it was a? Yes, it's been argued throughout the proceedings. In your summary judgment motion, you said it was in your supplemental complaint, but it was in the complaint, and it wasn't in the complaint, but it was in your motion for summary judgment, or in your opposition to the motion to summary judgment. Well, actually, Your Honor, I don't have my complaints in front of me right now. The argument has always been that this is property that is subject to the Fair Housing Act. The argument that dismissal of the action was not based on whether or not the lighthouse is a home or not. But there's only a waiver of sovereign immunity for dwellings. That's why I'm concerned about it, because if the complaint didn't make that allegation, then there wouldn't be, on the basis of the complaint, there wouldn't be a waiver of sovereign immunity by the government. No, I think you've missed the argument that we're making here, Your Honor. The refusal to sell the lighthouse to the plaintiff we're alleging was based on the fact that it's in violation of the Constitution, equal right protection in the Fifth Amendment. That is under Bolin v. Sharp, which precludes the federal government from discriminating based on race. Period. The fact is that the discrimination is being done for racial reasons. And whether the sovereign immunity is granted under, whether it exists under, waiver of sovereign immunity exists under the Civil Rights Act or not, it still is a violation of the Constitution. And there is no case law anywhere that says that sovereign immunity applies to violations of civil rights to remove jurisdiction of a federal court to hear it. Let me ask you about the venue statute for a moment. One of the, the opposing counsel directs us to the section of 1391E that there's venue in the area or in the place in which the plaintiff resides if no real property is involved in the action. And your argument, if I understand it correctly, is that the lighthouse isn't real property because all that's being sold is the building and not the land underneath. Now, I was, it seems to me that that would be a question of state law, what constitutes real property. So, given that these are in New York, do you have any, can you point us to any case or any statute where, as a matter of state law, a building is not considered real property if it's sold exclusive of the land rights? Because my understanding is in California, for example, a fixture such as a building would be considered real property even if the underlying land isn't sold. Well, first of all, Your Honor, good question here. I'll point out the fact here. Lighthouses by, under the, I forget the article, statute now, the states, in order to have an offshore lighthouse built, must cede jurisdiction to the federal government for the duration of time in which the lighthouse is operable, at which time, once the lighthouse is decommissioned, the land reverts back to the state. The lighthouse itself, its personality, which in the language actually cited by the government, the blacks' definition, it was severed when they sold the lighthouse. Okay, so is there a case or a statute that says, as a matter of federal law, the lighthouse is personality? What are you relying on for that? I'm relying on the fact that the QuickClaim Deed only dealt with the lighthouse and the Invitation for Good specifically states no interest in the submerged land was being sold. Right, and so what says that the building, minus any interest in the land, is not real property? Nothing, because there's nothing that says that it is remains. It doesn't go with the land. What about the Blacks' Law Dictionary? Yes, the Blacks' Law Dictionary, the language specifically says, land that has been severed, except for land which, property which is attached to land which has not been severed. In this case, it has been severed, and in fact, in lighthouses, there have been several instances in which, after it's been shut off, the lighthouse has been torn down or moved, because they couldn't allow, the state wouldn't allow occupancy of it. In fact, the example of that is the one that is the National Museum, basically, for lighthouses in Maryland. It had been, upon termination, it was moved by the charity onto the land. Is one of your claims still regarding jurisdiction under the Lighthouse Preservation Act? Yes. The issue is simply that the procedure... And you're not seeking damages under the act, is that correct? Under Lighthouse Preservation Act? No, we're not seeking damages under any act except the Fair Housing Act. Right, and your claims are contractually based under... Is that correct? I hadn't thought that they were contractually based. I know the district court considered them so, but we were suing Under Earth for declaratory relief that the procedures weren't being followed. You want... I thought I read on page 27 of your brief that you spoke in contractual terms under the Lighthouse Preservation Act. Oh, yes, yes, exactly. The Preservation Act, basically, sets forth the manner in which contractually the lighthouses could be sold. Let me tell you what bothers me just about the Lighthouse Preservation Act. And that is that the act itself, we've talked about the Tucker Act and the Little Tucker Act, which limit the available remedies to money damages and not to declaratory relief. You're not asking for any money damages. So I'm trying to figure out how the Lighthouse Preservation Act gives jurisdiction to the federal courts. Well, I guess we're out of time. I guess I can't answer that. Oh, you can answer the question. Well, Your Honor, we're talking about whether or not the act was properly followed. And the act and declaratory... Well, declaratory relief does not... The act gives the court jurisdiction of itself. The argument is it wasn't being followed because of racial discrimination. And therefore, the issue has to be discussed on that. Every act, this is the basis of Boland, it was the basis of the Windsor case recently decided, is that where you have racial discrimination or violation of a constitutional right, there is power of the court to review. Sovereign immunity cannot stop it. They can't say... The basic issue is can Congress opt out of the Constitution? If they had written in the act itself, the act cannot be sold. No property, no lighthouses could be sold to blacks, to Hispanics, or women. And the federal court cannot review it. Would that be legal? Would that be constitutional? This is what we have here. We have an issue where it wasn't sold, where a prima facie case was made, it wasn't sold for racial reasons. Can you sum up, please? That is a summation, Your Honor. I'm sorry. Thank you. Thank you. May it please the Court. Good morning. My name is Holly Vance. I'm here on behalf of the General Services Administration. Your Honor, this case really cries out for a venue analysis. Mr. Gabriel's only connection to the forum is that he used to live there. But he hasn't established that any of the criteria set forth in the venue statute apply to established venue in the State of Nevada. So is the lighthouse real property? It is real property, Your Honor. How do we know that? Well, I'll make a few arguments on that. First of all, the conveyance occurs via quick claim deed, not bill of sale. If this were personal property, the property would be conveyed with a bill of sale. While Mr. Gabriel is correct that there's no land conveyed with these lighthouses, that's not because the lighthouse is a personal property, Your Honor. That's because the Federal Government doesn't own the submerged property beneath the lighthouses. It's owned by the State. So we're simply not authorized to convey it. Another thing I'd point you to, Your Honor, take a look at the bidding instructions in this case. If you take a look at Supplemental Excerpt of Record 178-80, the bidding instructions reference several times that this is real property and not personal property. So the government's position here is at the outset, all the parties knew that we were dealing with real estate, not personal property. The transaction was also handled by the real estate division of the General Services Administration, not the personal property division. There are two divisions within the General Services Administration. I've also pointed out to you, Black's Law Dictionary supports my position. In most instances, people will record the quitclaim deeds with the Registry of Deeds. And I've cited the Supplemental Authority, Your Honor, that lighthouses are aids to navigation and it is illegal to move them. Again, maybe not dispositive by itself, but it certainly bolsters my argument that we're talking about real property. So in short, on the venue question, Your Honor, the government's position is that the district court judge did err in not addressing the real estate prong of the venue statute, but his conclusion nonetheless was correct for the reasons that I've articulated in my brief, and I would ask that you affirm for the rationale that I provide in my brief. If the Court has no questions about the venue, I just wanted to talk real briefly about the sovereign immunity issue. Mr. Gabriel has argued that this Court really shouldn't address that issue because the district court judge didn't discuss it. The issue was raised below, Your Honor, and it was fully briefed by both parties, so I think it's fair game for discussion today. And again, the Court can affirm for reasons other than those articulated by the district court. So again, I would urge you to adopt the rationale that I set forth in my brief, and I will highlight a couple of those points for you today. There is no clear and unequivocal waiver of sovereign immunity in either the National Historic Lighthouse Preservation Act or the Fair Housing Act. That is the heart of my argument, and I would urge you to affirm for that reason. The Boling case doesn't really address the issue of sovereign immunity, so I don't think it's on point. I don't think it's helpful, and I also think Mr. Gabriel has cited some Title VII cases. Again, this isn't a Title VII case. And then just a couple other quick points. I understand, Your Honor, that the Fair Housing Act does state that the United States is liable for fees and costs. Keep in mind that the Federal Government can intervene in the Fair Housing Act and be a plaintiff in the action. So again, my position is that particular provision is not an unequivocal waiver of sovereign immunity, because for all we know, Congress put it in there to apply to the United States when it serves as a plaintiff in a case. Mr. Gabriel cites another provision within the Fair Housing Act, and it states that the prohibition against discrimination applies to dwellings owned by the Federal Government, and he takes the position that that's a waiver of sovereign immunity. Again, my initial response is, it's not an unequivocal waiver. Keep in mind, Your Honor, parties can enter into conciliation agreements under the Fair Housing Act. In other words, what I think this provision may mean is that the United States can enter into an agreement with an agreed party to resolve a discrimination claim. But that is not to say that the government can be sued. Again, there's no clear and unequivocal waiver of sovereign immunity, and absent that, the case must be dismissed for that lack of subject matter jurisdiction based on that. So that's my position there, and that's all I have, Your Honor, unless you have any questions about either the sovereign immunity or venue arguments. Thank you. Thank you. If y'all want to hear any further argument, his time has expired. Okay. This case is submitted. Thank you.
judges: Black, Farris, Ikuta